UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY L. THOMPSON, | No.  2:14-cv-0602 CKD P |
| Plaintiff, | |
| v. | ORDER |
| FOLSOM STATE PRISON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner at the California Institution for Men, has filed a complaint pursuant to 28 U.S.C. § 1983, along with an application to proceed in forma pauperis.  Plaintiff alleges that, in 2010, doctors at Folsom State Prison failed to adequately treat his infected foot.

Plaintiff, who is proceeding pro se, has not filed his complaint on this court's form for commencing a § 1983 action.  Rather, he has submitted a form for filing a § 1983 action in the U.S. District Court, Northern District of California.  (ECF No. 1 at 1-4.)  Elsewhere, he styles his complaint as a "Motion for Granting Consolidation of a Superior Court Medical Malpractice/Complaint under the Civil Rights Act 42 U.S.C. § 1983 and Forgiveness of Any Time Restraints."  (Id. at 6.)  Moreover, although this action was commenced on March 4, 2014, plaintiff also has submitted a completed form for filing a § 1983 action in the U.S. District Court, Central District of California, signed and dated August 24, 2013.  (Id. at 11-20.)  Other documents submitted along with the complaint indicate that plaintiff has litigated, or is currently

1

1    litigating, this matter in another action. (Id. at 45-46.)

2        The court is required to screen complaints brought by prisoners seeking relief against a
3    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
4    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
5    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
6    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7        Here, it appears that plaintiff may be challenging decisions made or pending in state court
8    proceedings.  In Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423
9    (1982), the Supreme Court articulated a three-prong test for determining when a federal court
10   must abstain from hearing a suit under Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746 (1971).  A
11   federal court must abstain from hearing a suit if deciding the merits of the suit would interfere
12   with a state proceeding that is: (1) ongoing, (2) implicates important state interests, and (3)
13   provides an adequate opportunity to raise federal questions.  Id. at 432; see also Mission Oaks
14   Mobile Home Park v. City of Hollister, 989 F.2d 359, 360 (9th Cir. 1993).

15       Without more information, the court cannot determine for screening purposes whether
16   plaintiff's claims concern ongoing state court proceedings or are duplicative of an earlier-filed
17   case in federal court.  Accordingly, plaintiff will be directed to complete and submit this court's
18   form for filing a § 1983 action, including a list of any and all actions in which he has litigated or
19   is litigating this matter in state or federal court.

20       In accordance with the above, IT IS HEREBY ORDERED that:

21       1. The Clerk of the Court is directed to send plaintiff this court's form for filing a civil
22   rights action; and

23       2. Plaintiff shall return the completed application within thirty days from the date of this
24   order, listing any and all actions in which he has litigated or is litigating this matter in state or
25   ////
26   ////
27   ////
28   ////

federal court. Failure to comply with this order will result in dismissal of this action without prejudice. See Local Rule 110; Fed. R. Civ. P. 41(b).

Dated: April 8, 2014

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / thom0602.Nocompl